No. 43,357

THE STATE OF KANSAS on relation of HUGH H. KREAMER, County Attorney of Johnson County, Kansas, *Appellee*, v. THE CITY OF OVERLAND PARK, a First-class City in Johnson County, Kansas, and a municipal corporation, *Appellant*, and THE CITY OF MERRIAM, a Second-class City in Johnson County, Kansas, and a municipal corporation, *Appellee*.

(391 P. 2d 128)

Opinion filed April 11, 1964.

*Donald C. Amrein*, of Mission, argued the cause, and appeared on the briefs for the appellant.

*Louis A. Silks, Jr.*, of Merriam, argued the cause, and appeared on the briefs for the appellee, The City of Merriam.

*William M. Ferguson*, Attorney General, of Topeka, and *Hugh H. Kreamer*, of Olathe, appeared on the briefs for the appellee, The State of Kansas.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment voiding certain city ordinances which sought to annex territory.

The facts are not in dispute but they are complicated by mete and bound descriptions of twelve separate tracts. We will not attempt specific descriptions.

Bounded by the city limits of the cities of Shawnee, Overland Park and Merriam were several tracts of land which had not been annexed to either of the cities. One tract was in excess of 80 acres. The other tracts consisted of ten acres or less and each was so situated that two-thirds of a line of boundary was the city limits of Overland Park except one ten acre tract which did not touch the city limits of Overland Park. All of the north line of the large tract was the city limits of the city of Merriam.

The city of Merriam announced its intention to annex all of the tracts and straighten out its boundary lines with 75th Street on the south and Antioch Road on the east. It had obtained the consent of the owner of the large tract and owners of six of the smaller tracts. Three of the smaller tracts consisted of hospital, school and cemetery grounds.

Soon after the city of Merriam announced its intention to annex the area, February 19, 1962, the mayor and councilmen of the city of Overland Park held a meeting at which time they enacted twelve separate ordinances annexing all of the small tracts and two parcels from the large tract. The ordinances were to become effective after their official publication which took place the next day.

About a week thereafter the city of Merriam enacted ordinances annexing the entire area. Some of the separate ordinances covered the same tracts as described and covered by the city of Overland Park ordinances.

The cities of Overland Park and Merriam filed their respective annexation ordinances with the county clerk and claimed the annexed tracts. The tracts in controversy were not platted. The cities and the area in dispute are located in Johnson County, Kansas.

The State of Kansas, on the relation of the county attorney of Johnson County, brought an action naming the cities of Overland Park and Merriam as defendants. The petition, in the form of an ouster proceeding, challenged the validity of the Overland Park annexation ordinances, but requested the district court to determine the validity of the annexation ordinances of both cities.

The trial court entered judgment decreeing that all of the annexation ordinances of the city of Overland Park were valid except ordinances numbered A-142, A-143 and A-144, and that all annexation ordinances of the city of Merriam were void, which covered similar tracts, except ordinances 250, 252, and 253. The ordinances of the two cities specifically mentioned covered the same three tracts.

The city of Overland Park has appealed from the judgment. Neither the state nor the city of Merriam has appealed. We therefore have only the question of the validity of the city of Overland Park ordinances before us for determination. Both the state and the city of Merriam have filed briefs in support of the judgment of the trial court.

Before considering the validity of the ordinances in question, some general observations may be helpful.

Cities are creatures of the legislature. They can exercise only such powers as are conferred by law and those necessary to make the conferred powers effective. They acquire no power by implication. (*State v. Hannigan*, 161 Kan. 492, 170 P. 2d 138 and *Yoder v. City of Hutchinson*, 171 Kan. 1, 8, 228 P. 2d 918.)

The legislature has absolute authority to create or disorganize municipal corporations. It also has absolute authority to enact provisions by which their boundaries will be increased or decreased. (*State, ex rel., v. City of Kansas City*, 186 Kan. 190, 195, 350 P. 2d 37.)

The wisdom, propriety, necessity or advisability of annexing territory to cities is not a matter for consideration by the courts. (*State, ex rel., v. Kansas City*, 122 Kan. 311, 321, 252 Pac. 714 and *State, ex rel., v. City of Kansas City*, 181 Kan. 870, 877, 317 P. 2d 806.) The basic function and duty of the courts is to determine whether a city has statutory authority and has acted thereunder in passing an annexation ordinance.

In *State, ex rel., v. City of Topeka*, 175 Kan. 488, 264 P. 2d 901, at page 491, it is said:

"Preliminary to discussing the specific contentions later considered, and for the purpose of clarification, some general observations are in order. The first is that the advisability of enlarging the territorial limits of a city is a legislative function which cannot be delegated to the court (*Ruland v. City of Augusta*, 120 Kan. 42, 242 Pac. 456). The duty of the court is only to determine whether under the facts the city has statutory authority to enact the ordinance under attack (*State, ex rel., v. City of Kansas City*, 169 Kan. 702, 222 P. 2d 714). . . ."

With the guiding rules before us we will first consider the validity of the Overland Park ordinance A-142. The statutory authority by which the city of Overland Park sought to annex the tract covered by the above ordinance is found in G. S. 1949, 13-202, which insofar as material at this point provides:

"Whenever any land adjoining or touching the limits of any city has been subdivided into blocks and lots, or whenever any unplatted piece of land lies within, or mainly within, any city, or any tract not exceeding twenty acres is so situated that two-thirds of any line of boundary thereof lies upon or touches the boundary line of such city, said lands, platted or unplatted, may be added to, taken into and made a part of such city by ordinance duly passed. . . ."

The particular tract in question consisted of ten acres and did not touch the boundary line of the city of Overland Park. There were three other tracts between the tract in question and the city's boundary line. These three tracts were annexed by separate ordinances numbered A-137, A-138 and A-139. The three ordinances were enacted on February 19, 1962, but were not to become effective until official publication which took place the next day. At the time ordinance A-142 was enacted February 19, 1962, the tract covered by the ordinance did not touch the boundary line of the city of Overland Park. We must agree with the statement of the district court made in an informative memorandum decision, as follows:

"In this case the land described in ordinance numbered A-142 met none of the requirements of the enabling act at the time of its passage, and, accordingly, the Court is obliged to hold and does hold that ordinance numbered A-142 of the City of Overland Park, Kansas, is void and of no force or effect whatsoever."

Appellant, the city of Overland Park, appears to contend that ordinances numbered A-142, A-137, A-138 and A-139 could have been combined in one ordinance and that the tract covered by ordinance A-142 would have then been legally annexed. We must not be concerned with what the city might have done in the annexation of territory. As we have previously stated, the courts must be concerned only with the statutory authority for the action taken by the municipality.

We will next consider the validity of Overland Park's ordinances numbered A-143 and A-144. It is admitted that they each attempt to take some sixteen acres from a large tract in excess of eighty

acres. The tract covered by ordinance A-142 lies between the two.

The statutory authority by which the city of Overland Park sought to annex the tracts covered by ordinances A-143 and A-144 is to be found in the proviso of G. S. 1949, 13-202 which states:

". . . *Provided,* That in adding territory to any city, if it shall become necessary for the purpose of making the boundary line straight or harmonious, a portion of a piece of land may be taken into such city, so long as such portion of the piece taken in does not exceed twenty acres."

Again we agree with the statement of the trial court in its memorandum decision:

"Here, inasmuch as ordinance numbered A-142 has been held by the Court to be invalid, there exists no necessity for straightening or harmonizing the boundaries of the city as extended by ordinance numbered A-142, but if allowed to stand would seem to compound the already irregular and jagged boundary lines of the city at this particular location."

Ordinances A-143 and A-144 did not tend to straighten the boundary line after ordinance A-142 failed.

The state suggests in its brief:

"It is the contention of the State that all of these annexation ordinances purported to be passed by the City of Overland Park are invalid by reason of being arbitrary, capricious and not a valid exercise of the annexing power granted by the legislature. The general law in Kansas has been that where the facts are such that the city is authorized to extend its boundaries, it may do so without interference from the judicial branch as to a purely legislative decision, so long as it meets the required tests. However, these particular ordinances involve a situation which has not heretofore been considered by the Kansas courts, namely, a dispute between two cities over the annexation of a tract of land. . . ."

The state's contention is based on premise that the city of Overland Park capriciously extended its boundary line north of 75th Street and created an irregular and jagged boundary line between it and the city of Merriam. The suggestion may have merit. A straight boundary line between two cities is desirable. However, this is a matter to be addressed to the legislature. We repeat, courts should only concern themselves with whether annexation ordinances comply with the authority granted by statute.

The appellant contends that city of Merriam ordinances 250, 252 and 253 should have been held invalid. The state has not challenged the validity of the ordinances.

One city cannot prosecute an action attacking the validity of an annexation ordinance of another city. Such action can only be

prosecuted by the state acting through one of its proper officers such as the county attorney or the attorney general. (*State, ex rel., v. City of Kansas City,* supra, 198 and *Lampe v. City of Leawood,* 170 Kan. 251, 253, 225 P. 2d 73.)

The judgment is affirmed.

APPROVED BY THE COURT.

JACKSON and FONTRON, JJ., not participating.