No. 54,932

CITY OF LENEXA, *Appellant,* v. CITY OF OLATHE, *Appellee.*

(660 P.2d 1368)

Opinion filed March 26, 1983.

*Richard W. Byrum,* of Schnider, Shamberg & May, Chartered, of Shawnee Mission, argued the cause and *Robert H. Freilich,* of Kansas City, Missouri, was with him on the brief for the appellant.

*Richard N. Roe,* of Lowe, Terry & Roberts, of Olathe, argued the cause and *Thomas A. Glinstra,* municipal counsel, of Olathe, was with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal from the trial court's order granting summary judgment in favor of the city of Olathe with regard to an annexation controversy.

This is our third look at this case. The facts are undisputed. Pursuant to a petition from David Miller requesting his property be annexed to the city, on June 4, 1979, the city of Olathe passed Ordinance No. 844 annexing the property. Miller's petition described the property as follows:

"The East half of the Northwest quarter of Section 18, *Township 13* South, Range 24 East, Johnson County, Kansas." (Emphasis added.)

## Ordinance No. 844 mistakenly described the land as follows:

"The East half of the Northwest quarter of Section 18, *Township 14* South, Range 24 East, Johnson County, Kansas." (Emphasis added.)

On June 5, 1979, Ordinance No. 844 was published in the official newspaper containing the reference to Township 14 instead of Township 13.

On June 5, 1979, the city of Olathe, pursuant to a petition from George and Nelda Meredith requesting their property be annexed to the city, passed Ordinance No. 845 annexing that property. The ordinance correctly described the property as follows:

"The NW ¼, the SW ¼ of the NE ¼, the NW ¼ of the SW ¼ and the SW ¼ of the SW ¼, all in Section 7, Township 13, Range 24, except that part in road and highway; the SE ¼ and the S ½ of the S ½ of the NE ¼, all in Section 12, Township 13, Range 23, except that part in railroad and road right-of-way, all in Johnson County, Kansas."

Ordinance No. 845 was published on June 6, 1979.

On June 6, 1979, pursuant to a petition from Josef and Helen Sorkin requesting their property be annexed to the city, the city of Olathe passed Ordinance No. 855, annexing their property. The Ordinance described the property as follows:

"The North Half of the Northeast Quarter (N ½ NE ¼) and the North Half of the South Half of the Northeast Quarter (N ½ S ½ NE ¼) of Section Twelve (12), Township Thirteen (13), Range Twenty-three (23); also the Northwest Quarter of the Southwest Quarter (NW ¼ SW ¼), of Section Six (6), Township Thirteen (13), Range Twenty-four (24); also the South Half of the Southeast Quarter (S ½ SE ¼) of Section One (1) Township Thirteen (13), Range Twenty-three (23), except that part thereof lying North and West of the right of way of the Atchison, Topeka and Santa Fe Railway Company."

Ordinance No. 855 was published on June 9, 1979.

On June 8, 1979, Ordinance No. 844 was republished with the corrected legal description of the land Olathe intended to annex.

The following map illustrates the situation:

KEY:
IA—Ordinance #844 as adopted on 6-4-79 and published on 6-5-79
IB—Ordinance #844 as corrected and published on 6-8-79 (Miller tract)
II —Ordinance #845, published 6-6-79 (Meredith tract)
III—Ordinance #855, published 6-9-79 (Sorkin tract)

On June 8, 1979, the city of Lenexa filed suit challenging the annexations. In September of 1979, the district court dismissed the case and Lenexa appealed to the Supreme Court. In *City of Lenexa v. City of Olathe*, 228 Kan. 773, 620 P.2d 1153 (1980) (*Lenexa I*), filed December 6, 1980, the Supreme Court affirmed. There the court held:

"[W]here a dispute arises as to the annexation of land which *adjoins* a city the only interested parties to the controversy are the city and the owner of the land which has been proposed for annexation. Other incorporated cities in the county do not have standing to challenge a proposed annexation where the land adjoins the city and the owner of the land consents to the annexation." 228 Kan. 773, Syl. ¶ 2.

Subsequently, the Supreme Court granted a rehearing of the matter and in an opinion filed March 12, 1981, reversed and remanded. *City of Lenexa v. City of Olathe*, 229 Kan. 391, 625 P.2d 423 (1981) (*Lenexa II*). There the court noted that at the time the original opinion was filed it had erroneously assumed there was no dispute regarding the question of whether tracts II

and III adjoined the city of Olathe. Lenexa had, in fact, disputed this. It claimed tract IB was not legally annexed at the time of the incorrect publication. Accordingly, the court remanded the case to the district court for a determination of whether tracts II and III "were adjoining the city at the time of their attempted annexation by the city of Olathe and, if not, whether the city of Olathe complied with all applicable statutory requirements." 229 Kan. at 392-93.

On remand the district court held that despite the misdescription of the property, the city of Olathe had substantially complied with all statutory requirements and tract IB had been effectively annexed·at the time tracts II and III were annexed. Further, the court said, since tract IB was legally annexed the annexation of tracts II and III was effective. The city of Lenexa has appealed. (It should be noted in the meantime Lenexa attempted to annex the same land. The Board of County Commissioners of Johnson County, however, denied Lenexa's petition to annex. This decision was recently upheld by the Supreme Court. See *In re Appeal of City of Lenexa*, 232 Kan. 568, 657 P.2d 47 [1983].)

Appellant first argues the trial court erred in holding Olathe had substantially complied with K.S.A. 12-519 *et seq.* in annexing tract IB. An examination of the relevant statutes will help resolve this issue.

K.S.A. 12-520 outlines the conditions which permit a city to annex land. That statute states in pertinent part:

"Except as otherwise hereinafter provided, the governing body of any city may by ordinance annex land to such city if any one or more of the following conditions exist:

. . . .

"(g) The land adjoins the city and a written petition for or consent to annexation is filed with the city by the owner."

As was noted in the two previous cases bearing the same name as the present one, under this statute the only interested parties to the controversy are the city and the owner of the land which has been proposed for annexation. 228 Kan. 773, Syl. ¶ 2; 229 Kan. 391.

K.S.A. 12-520c governs the procedure for annexation of land not adjoining the city. That statute provides:

"(1) The land is located within the same county as such city;

"(2) The owner or owners of the land petition for or consent in writing to the annexation of such land; and

"(3) The board of county commissioners of the county find and determine that the annexation of such land will not hinder or prevent the proper growth and development of the area or that of any other incorporated city located within such county.

. . . .

"(c) Whenever the governing body of any city deems it advisable to annex land under the provisions of this section such governing body shall by resolution request the board of county commissioners of the county to make a finding as required under subsection (a)(3) of this section. The city clerk shall file a certified copy of such resolution with the board of county commissioners who shall, within thirty (30) days following the receipt thereof, make findings and notify the governing body of the city thereof. Such findings shall be spread at length upon the journal of proceedings of said board. The failure of such board to spread such findings upon the journal shall not invalidate the same."

K.S.A. 12-523 provides annexation ordinances shall take effect "on publication as provided by law."

Lenexa's argument is in three parts: (1) The city of Olathe attempted to annex tracts II and III pursuant to K.S.A. 12-520(g) which requires properties to be annexed must adjoin the annexing city. Tracts II and III were dependent for contiguity to the city of Olathe through tract IB; (2) the misdescription in Ordinance No. 844 and its subsequent publication June 5, 1979, was fatal to the annexation of tract IB. Tract IB was thus not effectively annexed until the correct publication on June 8, 1979; (3) the ordinances annexing tracts II and III were adopted on June 5, and 6, 1979. Because this was before the effective date of the annexation of tract IB, tracts II and III were not adjoining the city of Olathe at the time these ordinances were adopted. Thus, the only legal way to annex them would have been to follow K.S.A. 12-520c, which governs annexation of nonadjoining land. Both parties agree this was not done.

The city of Olathe, on the other hand, argues tract IB was legally annexed when Ordinance No. 844 was published on June 5, 1979, because the city had substantially complied with the requirements set out in the annexation statutes, K.S.A. 12-519 *et seq.*

In reviewing an annexation decision by a municipality the function of the court is to determine whether the municipality has statutory authority to act and has acted in accordance with that authority. The test of the municipality's action is one of

substantial compliance. *Clarke v. City of Wichita,* 218 Kan. 334, 348, 543 P.2d 973 (1975); *Grandon v. City of Hutchinson,* 6 Kan. App. 2d 896, Syl. ¶ 1, 636 P.2d 205 (1981), *rev. denied* 230 Kan. 817 (1982).

The question for this court's determination, then, is whether the city of Olathe substantially complied with the requirements of K.S.A. 12-519 *et seq.* in annexing tract IB. If it did, the annexation of tract IB was effective and, assuming for the moment tract II "adjoins" tract IB, so was the annexation of tracts II and III. "Substantial compliance," according to this court, refers to "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Sabatini v. Jayhawk Construction Co.,* 214 Kan. 408, Syl. ¶ 1, 520 P.2d 1230 (1974).

The general purpose of the annexation statutes is to protect the rights of landowners against unilateral action by a city in annexing their land. *Clarke v. City of Wichita,* 218 Kan. at 348; *Grandon v. City of Hutchinson,* 6 Kan. App. 2d at 899. Because all the land involved here was land which the owners petitioned the city to annex, this general objective has been served. If that were the only objective the publication requirement in K.S.A. 12-523 would be redundant. However, the publication requirement is there. It can be assumed the legislature intended publication to be of some importance and not merely a useless or meaningless act when it passed K.S.A. 12-523. *Herd v. Chambers,* 158 Kan. 614, 628, 149 P.2d 583 (1944).

"Publication" refers to "An advising of the public; a making known of something to them for a purpose." Regarding the publishing of ordinances publication means "printing or otherwise reproducing copies of them and distributing them in such a manner as to make their contents easily accessible to the public." Black's Law Dictionary 1463-64 (3rd ed. 1933). The definition reveals the purpose behind the publication requirement. The objective of K.S.A. 12-523 is to inform the public of the city boundaries as a result of annexation. Thus, for publication of an annexation ordinance to properly serve its purpose the public must be accurately informed of what land is to be annexed.

Ordinance No. 844, as published, informed the public the city of Olathe planned to annex certain property in Township 14, Range 24, in Johnson County. The city's intention was, in fact, to

annex land in Township 13. This mistake was no ordinary typographical error in spite of which the public could have ascertained the city's true intent. The property in Township 14 was a piece of land which could have been annexed had the proper procedures been followed. The public had no way of knowing from reading the ordinance an error had been made.

The power of a municipality to alter its boundaries by annexation is completely controlled by statute. *State, ex rel., v. City of Kansas City,* 186 Kan. 190, 198, 350 P.2d 37 (1960). K.S.A. 12-523 requires a city to publish annexation ordinances. We hold the attempted annexation of tract IB did not substantially comply with the statute.

Since the annexation of tract IB was not effective until the second publication of Ordinance No. 844 on June 8, 1979, tracts II and III were not adjoining the city of Olathe at the time of their attempted annexation. As a result, their annexation was likewise ineffective. See, *e.g., State, ex rel., v. City of Overland Park,* 215 Kan. 700, 717, 527 P.2d 1340 (1974).

This leaves as a final issue for our determination whether tract II adjoins tract IB. Appellant argues "adjoins", under K.S.A. 12-520(*g*), requires contiguity with the city boundary of a "substantial nature" because the land requirements for providing services to an annexed area would require more than mere touching. In support it cites several out-of-state cases. In settling the question, we need look no further than Kansas law. K.S.A. 12-519(*d*) provides: "'Adjoins' means to lie upon or touch (1) the city boundary line." Also, in *State, ex rel., v. Bunton,* 141 Kan. 103, 40 P.2d 326 (1935), we spoke to the issue in Syllabus ¶ 1, stating: "The word 'adjoining' as used in R.S. 1933 Supp. 72-605 has its usual and ordinary meaning, that of being contiguous or touching." See also *Smith v. City of Garden City,* 6 Kan. App. 2d 826, 635 P.2d 1271 (1981). It is well settled words in common usage should be given their natural and ordinary meaning in construing a statute. *Coe v. Security National Ins. Co.,* 228 Kan. 624, 630, 620 P.2d 1108 (1980); *Stephens v. Van Arsdale,* 227 Kan. 676, 684, 608 P.2d 972 (1980). It is undisputed tract II touches tract IB at one point. We hold tract II and tract IB are adjoining tracts.

The judgment of the trial court is reversed.