No. 62,905

CITY OF LEAWOOD, *Appellant/Cross-Appellee,* v. CITY OF OVERLAND PARK, *Appellee/Cross-Appellant,* and MELVIN L. and SUSAN K. BRIGGS; PAUL SCHMIDT, TRUSTEE FOR CHERYL ANN ENGLEMAN, and LORIE JEANNE ENGLEMAN; MERLE CHANEY; LARRY L. and LINDA PALMQUIST; LAWRENCE ENGLAND, JR., and EFFIE M. ENGLAND; EFFERTZ BROTHERS, INC.; RUTH CORPORATION; and ANDERSON RIDGE FARMS, INC., *Appellees/Cross-Appellants.*

(777 P.2d 830)

Opinion filed July 14, 1989.

*Fred J. Logan, Jr.,* of Logan & Logan, of Prairie Village, argued the cause and *Brian J. Niceswanger,* of the same firm, was with him on the briefs for appellant/cross-appellee.

*Michael M. Shultz,* of Kansas City, Missouri, argued the cause and *Robert J. Watson,* city attorney, was with him on the brief for appellee/cross appellant.

*Mark A. Hannah,* of Grimshaw & Rock, Chartered, of Olathe, argued the cause and was on the brief for appellees/cross-appellants.

The opinion of the court was delivered by

HERD, J.: The City of Leawood appeals a summary judgment in favor of the City of Overland Park and the named landowners in a dispute over certain land annexed by Overland Park pursuant

to K.S.A. 1988 Supp. 12-520(a)(7). Overland Park and the affected landowners cross-appeal the district court's finding that this annexation could not have been accomplished pursuant to K.S.A. 19-2657.

It will be helpful in understanding the facts to refer to the map included as Appendix A at the end of this opinion. On December 16, 1987, a written consent to annexation of land, consisting of the tracts shown dotted on the map, was filed with the city clerk of Overland Park. All the tracts comprising this land are contiguous. The land shown heavily dotted on the map adjoins Overland Park at its southern boundary. On December 17, 1987, the Overland Park City Council referred this consent to annexation to the Public Works and Community Development Committees for study. The two committees subsequently recommended annexation and, on February 15, 1988, the city council and mayor approved the annexation in Ordinance No. A-1506. The ordinance became effective on February 24, 1988, when it was published in the appropriate newspapers.

On December 18, 1987, a written consent to annexation of land, consisting of all tracts shown lined on the map except for the Wise tract, was filed with the city clerk of Overland Park. A supplemental consent to the annexation of the Wise tract was filed on December 21, 1987. All the tracts comprising this land are contiguous. The land shown heavily lined on the map adjoins Overland Park at its eastern boundary. The Overland Park City Council subsequently referred these consents to annexation to the Public Works and Community Development Committees for study. The two committees subsequently recommended that the land be annexed. Prior to the city council meeting on February 15, 1988, the owners of the Chaney, Palmquist, Briggs I, and Briggs IV tracts filed amendments to correct the legal descriptions previously given for their properties. At the meeting, the city council passed Ordinance No. A-1508, which approved the annexation of all lined tracts shown on the map. The mayor vetoed the ordinance on February 25, 1988, and his veto was overridden by the city council on March 7, 1988. Ordinance No. A-1508 became effective on March 11, 1988, when it was published in the appropriate newspapers.

On March 10 and 17, 1988, Leawood petitioned the Board of Johnson County Commissioners, pursuant to K.S.A. 1988 Supp.

12-521, for the annexation of certain land located to the south of that city. Some of the land included in Leawood's petition had also been included by Overland Park in Ordinances Nos. A-1506 and A-1508. On March 15, 1988, Leawood filed a petition for declaratory judgment in the Johnson County District Court seeking to have Ordinances Nos. A-1506 and A-1508 declared invalid, thereby giving Leawood jurisdiction over the disputed land.

On August 23, 1988, the district court granted Overland Park's motion for summary judgment, holding that (1) Leawood did not have standing to bring this action, (2) Overland Park had legally annexed the land pursuant to K.S.A. 1988 Supp. 12-520(a)(7), and (3) annexation of the same land was not possible under K.S.A. 19-2657. Leawood filed an appeal in the Court of Appeals as to holdings (1) and (2); Overland Park and the affected landowners filed a cross-appeal as to holding (3). We transferred the case to this court pursuant to K.S.A. 20-3018(c).

The determinative issue in this case is whether Leawood has standing to challenge the annexation by Overland Park. Where a municipality properly annexes adjoining land under K.S.A. 1988 Supp. 12-520, only the owner of that property may challenge the attempted annexation, pursuant to K.S.A. 1988 Supp. 12-520(g). See *State, ex rel., v. City of Overland Park*, 192 Kan. 654, 658-59, 391 P.2d 128 (1964). Leawood's standing, therefore, depends on the outcome of the second issue: whether K.S.A. 1988 Supp. 12-520(a)(7) authorizes a city to annex multiple, contiguous tracts of land when all tract owners consent to the annexation but only one of the tracts adjoins the city's boundary. K.S.A. 1988 Supp. 12-520 provides:

"(a) Except as hereinafter provided, the governing body of any city by ordinance may annex land to such city if any one or more of the following conditions exist:

"(1) The land is platted, and some part of the land adjoins the city.

"(2) The land is owned by or held in trust for the city or any agency thereof.

"(3) The land adjoins the city and is owned by or held in trust for any governmental unit other than another city, except [in certain situations involving airports, zoos, parks, and sports facilities].

"(4) The land lies within or mainly within the city and has a common perimeter with the city boundary line of more than 50%.

"(5) The land if annexed will make the city boundary line straight or harmonious and some part thereof adjoins the city, except no land in excess of 21 acres shall be annexed for this purpose.

"(6) The tract is so situated that ⅔ of any boundary line adjoins the city, except no tract in excess of 21 acres shall be annexed under this condition.

"(7) *The land adjoins the city and a written petition for or consent to annexation is filed with the city by the owner.*"

Land is defined as "a part of a tract or one or more tracts." K.S.A. 1988 Supp. 12-519(b). Adjoins means "to lie upon or touch . . . the city boundary line." K.S.A. 1988 Supp. 12-519(d).

Because the disputed "land," defined as one or more tracts, touches Overland Park's boundary line and all tract owners consented to the annexation, the district court held that Overland Park had lawfully annexed the property in accordance with K.S.A. 1988 Supp. 12-520 (a)(7).

A city's power to alter its boundaries by annexation is controlled by statute. The test of the city's action on appeal is whether the city has acted in substantial compliance with the statute. The objective of the annexation statute is to protect the rights of landowners against a city's *unilateral* action in annexing their land. *Banzer v. City of Wichita,* 237 Kan. 798, 801, 804-05, 703 P.2d 812 (1985).

The early Kansas cases facing the issue of whether each tract of land must be contiguous to the annexing city were decided before the 1967 Annexation Act took effect. Those cases held that land adjoining the city may be annexed as well as "other land as adjoins land that adjoins the city." *Hurla v. Kansas City,* 46 Kan. 738, 743, 27 Pac. 143 (1891). See *Mason v. Kansas City,* 103 Kan. 275, 173 Pac. 535 (1918). This rule is in accord with many modern interpretations by other jurisdictions of annexation statutes similar to ours. See Annot., 49 A.L.R.3d 589.

Leawood argues the earlier decisions have been overturned by K.S.A. 1988 Supp. 12-520, as construed in *Banzer v. City of Wichita,* 237 Kan. 798, where landowners raised a stormy protest when the City of Wichita adopted 10 successive annexation ordinances based upon one initial resolution and one public hearing covering all 10 parcels. The City acted pursuant to K.S.A. 12-520(a), identical to what is now K.S.A. 1988 Supp. 12-520(a)(1). As the first parcel of land adjoined the City, we held it could be unilaterally annexed under 12-520(a). We held the other parcels were improperly annexed without a separate hearing. The instant case, in contrast, involves an annexation under K.S.A. 1988 Supp. 12-520(a)(7), which is different from other methods of annexation in that it requires the property owner's

consent. The action of Overland Park and the landowners under K.S.A. 1988 Supp. 12-520(a)(7) is mutual rather than unilateral.

Leawood fails to recognize this distinction in its argument that Overland Park has merely attempted by different means to reach the same result attempted by Wichita in *Banzer.* Leawood argues that, under *Banzer,* Overland Park may only acquire the disputed land by a tract-by-tract method of annexation. Such a long, expensive process is applicable only to protect due process rights of protesting owners. K.S.A. 1988 Supp. 12-520(a)(7) provides a less complicated method of annexation where the owners and the city agree.

Leawood's argument that *Banzer* requires *tract-by-tract* annexation is further refuted by the Wichita city ordinances involved in *Banzer.* The ordinances included multiple tracts, some of which did not adjoin the city boundary. The focus of our analysis in *Banzer* was not that each *tract* did not touch the city boundaries, but that sufficient hearing was not afforded protesting owners under the City's method of adopting multiple sequential annexation ordinances. See *In re Petition of City of Overland Park for Annexation of Land,* 241 Kan. 365, 368-73, 736 P.2d 923 (1987), in which our concern was that piecemeal *unilateral* annexation not violate the due process rights of owners. We held in *Overland Park* that, where due process is preserved, the City rightfully acted by annexing in the most efficient and inexpensive manner provided by statute.

We thus hold that annexation of multiple contiguous tracts under one hearing and one ordinance is proper where the owners have consented pursuant to K.S.A. 1988 Supp. 12-520(a)(7) and part of the annexed land adjoins the city. The language in *Banzer* and in *Overland Park* refers to K.S.A. 1988 Supp. 12-520(a)(1), and is not applicable as to K.S.A. 1988 Supp. 12-520(a)(7).

The final issue is whether the omission of the Briggs I tract from the publication notice invalidates Ordinance No. A-1508. Overland Park concedes that the Briggs I tract was omitted from the published notice. The correct legal description for the tract is: "All that part of the Southwest quarter [of the Southeast quarter] of Section 10, Township 14 South, Range 25 East, Johnson County, Kansas." The bracketed words were not published.

In *City of Lenexa v. City of Olathe*, 233 Kan. 159, 660 P.2d 1368 (1983) (*Lenexa III*), we invalidated an annexation ordinance because an incorrect legal description had been published—one of the tracts had erroneously been described as being in Township 14 rather than in Township 13. There had been no notice to the public, by reason of the mistake, that the land in Township 13 was to be taken. Following that precedent, we see that the Briggs I tract is not properly annexed. However, the public received notice of all the land sought to be annexed except the Briggs I tract.

In spite of the foregoing, Leawood has no standing to object to the omission of the Briggs I tract. In *Lenexa III*, Lenexa was allowed to challenge the legal description because the misdescribed tract was the link which connected the remaining land to the City of Olathe. Unlike the tract involved in *Lenexa III*, omission of the Briggs I tract does not affect the contiguity of the remaining tracts involved in Ordinance No. A-1508. As Leawood concedes, the Briggs IV and Anderson Ridge Farms tracts are contiguous. Where land adjoins a city and the owners consent to annexation, other cities do not have standing to challenge the annexation. *City of Lenexa v. City Of Olathe*, 228 Kan. 773, Syl. ¶ 2, 620 P.2d 1153 (1980) (*Lenexa I*), *rev'd on other grounds* 229 Kan. 391, 625 P.2d 423 (1981) (*Lenexa II*).

In light of our findings, we find it unnecessary to address the issue presented by Overland Park's cross-appeal. The judgment of the district court is affirmed.

McFARLAND, J., concurring in part and dissenting in part: I concur with the results reached as to the Briggs I tract, the Mitchell tract, and the Chaney tract. I disagree with the majority's conclusion that the remaining tracts were properly annexed and dissent therefrom.

## APPENDIX A