The Honorable Richard J. Edlund State Representative, 33rd District 6734 Montana Court Kansas City, Kansas 66111
Dear Representative Edlund:
You request our opinion whether a city of the first class can be dissolved as a corporate body by its residents and, if so, the procedure necessary to accomplish it.
Article 12, section 5 of the Kansas constitution states, in part, as follows:
 "The legislature shall provide by general law, applicable to all cities, for the incorporation of cities and methods by which city boundaries may be altered, cities may be merged or consolidated and cities may be dissolved. . . ." (Emphasis added.)
The only statute which addresses the subject of dissolving a city as a corporate body is K.S.A. 15-111 which provides that electors in a city of the third class may petition the city council to order an election to determine whether the city shall be dissolved as a corporate body and become part of the township in which the city is located. There are no similar statutes which apply to cities of the first or second class. [See State, ex rel.Kreamer v. City of Overland Park, 192 Kan. 654,656 (1964) and State, ex rel. Fatzer v. City of Kansas City, Kansas,169 Kan. 702, 720 (1950) which conclude that the legislature has absolute authority to create or disorganize municipal corporations.]
Consequently, it is our opinion that, in the absence of statutory authority, the residents of a city of the first class have no authority to dissolve as a corporate body that city.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm