No. 52,045

City of Lenexa, *Plaintiff-Appellant,* v. City of Olathe, *Defendant-Appellee.*

(625 P.2d 423)

Original opinion filed December 6, 1980. Opinion on rehearing filed March 12, 1981. (For original opinion see *City of Lenexa v. City of Olathe,* 228 Kan. 773, 620 P.2d 1153 [1980].)

*Robert H. Freilich,* of Kansas City, Missouri, argued the cause, and *Richard W. Byrum,* of Schnider, Shamberg, and May, Chartered, of Shawnee Mission, was with him on the brief for the appellant.

*Thomas A. Glinstra,* of Olathe, argued the cause, and *Marilyn J. Harbur,* of Olathe, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: The original opinion in the case was handed down on December 6, 1980, and reported in 228 Kan. 773, 620 P.2d 1153 (1980). The plaintiff-appellant, City of Lenexa, filed a motion for modification or rehearing. The motion did not challenge the court's determination of the legal issues presented in the case but pointed out that the court in the opinion had erroneously assumed the facts in the case were undisputed, whereas, in fact, the plaintiff had raised factual contentions in its amended petition which, if true, would justify a reversal of the case. This court sustained the motion and granted a rehearing. Additional oral argument was presented by counsel and the case was resubmitted to the court for decision.

The basic legal principles adopted in the original opinion are set forth in syllabi 1, 2, and 3 which state as follows:

Syl. ¶ 1: "The Home Rule Amendment to the Kansas Constitution, Article 12, Section 5, vests in the state legislature full power and authority over the subject matter of the alteration of city boundaries by annexation."

Syl. ¶ 2: "Under the statutes pertaining to the annexation of land by cities (K.S.A. 12-519 *et seq.*), where a dispute arises as to the annexation of land which *adjoins* a city the only interested parties to the controversy are the city and the owner of the land which has been proposed for annexation. Other incorporated cities in the county do not have standing to challenge a proposed annexation where the land adjoins the city and the owner of the land consents to the annexation."

Syl. ¶ 3: "In cases of a proposed annexation of land *not adjoining* the city, the

rights of another incorporated city in the county must be considered and it has an interest which entitles it to challenge such an annexation in the district court."

At the time the original opinion was filed, the court assumed that tracts 2 and 3 adjoined the city of Olathe at the time each tract was annexed by the city of Olathe. In its motion for rehearing, the plaintiff for the first time directed our attention to the fact that, in its amended petition, the plaintiff pleaded that tracts 2 and 3 were not *adjoining* the city of Olathe because they were linked to the city through tract 1, and, at the time tracts 2 and 3 were annexed by the city, tract 1 had not been legally annexed to the city because of a defective publication. An examination of Count VII of plaintiff's Amended Petition, as contained in the record, shows the following allegations:

"52.　Plaintiff restates and incorporates by reference all prior allegations of this Petition.

"53.　That said defendant did not follow the statutory procedures in annexing the said tracts, particularly those represented by Ordinances 845 and 855, for the reason that because of the timing and the manner in which Ordinance 844 was passed and published, the tracts represented by Ordinances 845 and 855 were not 'adjoining' the boundaries of defendant at the time those Ordinances were passed and/or published. Further, that the tract represented by Ordinance 845 does not 'adjoin' defendant's boundaries as required by law.

"54.　That K.S.A. 12-520(c) is the only provision in the annexation statutes for annexing non-adjoining land, and defendant did not follow the procedures set forth in that statute.

"55.　That the annexations claimed to have been made by Ordinances 845 and 855 are void and of no force and effect."

The posture of the case on appeal before this court consists of an appeal from the district court's judgment sustaining a motion to dismiss on the grounds that the plaintiff, city of Lenexa, lacked standing to challenge the annexation of tracts 1, 2, and 3 by the city of Olathe. In view of the allegations of the plaintiff's amended petition, it is clear that essential facts were in dispute. If the allegations of the amended petition are true, tracts 2 and 3 were annexed by the city of Olathe at a time when they did not adjoin the city. In that case, the principle of law stated in syllabus ¶ 3 set forth above is applicable and the city of Lenexa, as another incorporated city within the same county, had an interest which entitled it to challenge such annexation in the district court. Under the circumstances, the judgment of this court entered in the original opinion must be set aside and the case remanded to the district court of Johnson County for it to determine whether tracts 2 and 3 were adjoining the city at the time of their at-

tempted annexation by the city of Olathe and, if not, whether the city of Olathe complied with all applicable statutory requirements.

The judgment of the district court is reversed. The case is remanded to the district court for a determination of the issues raised by the plaintiff in its amended petition as set forth above.