896

(636 P.2d 205)
No. 52,269

PAUL WESLEY GRANDON, *et al., Appellants,* v. THE CITY OF HUTCH-INSON, KANSAS, a municipal corporation, *Appellee,* and THELMA W. PESTINGER, *et al., Appellants,* v. THE CITY OF HUTCHINSON, KANSAS, a municipal corporation, *Appellee.*

Petition for review denied January 15, 1982.

Opinion filed November 25, 1981.

*Gordon B. Stull,* of Hampton, Hampton, Stull & Schmisseur, of Pratt, for the appellants.

*Philip H. Alexander,* City Attorney of Hutchinson, for the appellee.

Before ABBOTT, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: Plaintiffs Wilbur Sloan and Dorothy A. Huntsman appeal from a judgment of the district court holding that annexation Ordinances Numbers 6712 and 6713 of the City of Hutchinson were validly enacted.

The annexation process in the present case began on November 7, 1978, when the City adopted Resolution Number 1944 announcing it would hold a hearing on January 9, 1979, to consider the annexation of land described in the resolution. The City gave proper notice of its intention to annex; the plan of the City for extension of services was made available for inspection at the city hall; and a public hearing was held as required by statute.

On January 23, 1979, the City adopted Ordinance Number 6712 annexing a portion of the real property described in Resolution Number 1944. This ordinance was published in the

Hutchinson News on January 26. Ordinance Number 6713 annexing the remaining property described in the resolution was adopted on January 30 and published on February 2. It is undisputed that the land annexed pursuant to Ordinance Number 6713 did not meet any of the statutory criteria for annexation under K.S.A. 1980 Supp. 12-520($a$)-($g$) until Ordinance Number 6712 became effective.

The power of a municipality to alter its boundaries by annexation is completely controlled by statute. *State, ex rel., v. City of Kansas City,* 186 Kan. 190, 198, 350 P.2d 37 (1960). Prior to any proceedings to annex outlying property, the governing body of the city must adopt a resolution announcing its intention to consider the annexation of certain described property and giving notice of a public hearing to consider the proposed annexation. K.S.A. 12-520a. The owners of the property under consideration must be given individual notice of the public hearing and provided with a sketch of the area included. Prior to the adoption of the resolution, the city must also prepare a comprehensive plan for the extension of services to the property. K.S.A. 12-520b. Once it is determined that the property can and should be annexed, an ordinance declaring the annexation is passed and published. K.S.A. 1980 Supp. 12-520.

Landowners aggrieved by the annexation decision may within thirty days following the publication of the ordinance maintain an action in the district court of the county in which the land is located. K.S.A. 1980 Supp. 12-520. On review, the function and duty of the court is to determine whether a city has statutory authority and has acted in accordance with such authority in passing an annexation ordinance. However, the test of the city's action is one of substantial compliance. *Clarke v. City of Wichita,* 218 Kan. 334, 348, 543 P.2d 973 (1975). Courts are not to concern themselves with the wisdom, propriety, necessity or advisability of annexing territory to cities. *Clarke,* 218 Kan. at 349.

Appellants challenge the annexation, arguing that the adoption of two successive ordinances based on a single resolution and public hearing does not substantially comply with K.S.A. 12-519 *et seq.* when the validity of the second ordinance depends on the effectiveness of the first.

Nothing in the annexation statutes authorizes the use of multiple ordinances based on a single resolution but the practice has

been approved by our Supreme Court. In *Clarke*, 218 Kan. at 347-348, the city used two ordinances to annex land described in a single resolution. The city complied with the statutory procedures concerning notice and opportunity to be heard but the landowners appealed, alleging that the use of two ordinances violated K.S.A. 12-520. The court disagreed and held that the City of Wichita had substantially complied with the statute by annexing the whole of the territory set forth in their resolution. The court held that the decision to annex via two ordinances in no way prejudiced the landowners.

More recently our Supreme Court gave tacit approval to the use of three successive ordinances. In *City of Lenexa v. City of Olathe*, 228 Kan. 773, 782, 620 P.2d 1153 (1980), the court summarized the action of the city as follows:

"In the present case, the city of Olathe annexed the three tracts by means of three ordinances enacted and proposed on successive days. The first tract annexed directly adjoins the city of Olathe on the city's northern boundary. The ordinance annexing the first tract of land was enacted on June 4, 1979, and was published on June 5, 1979. The annexation became effective on publication under K.S.A. 12-523. The second tract of land was annexed by ordinance on June 5, 1979, which ordinance was published on June 6, 1979. The third tract of land was annexed by city ordinance on June 6, 1979, and the ordinance was published on June 9, 1979."

The court concluded that under these facts it appeared that in each instance the land adjoined the city at the time the annexation occurred and could be properly annexed. Subsequently, a rehearing was granted (*City of Lenexa v. City of Olathe*, 229 Kan. 391, 625 P.2d 423 [1981]), when it was learned that the court had erroneously assumed that the facts regarding the eligibility of the land for annexation were undisputed. However, the later opinion does not alter the court's apparent endorsement of the procedure of successive ordinances used by the City of Olathe to effect the annexation.

The landowners complain, however, that this case is distinguishable from earlier decisions because at the time the resolution was passed and hearing held on the annexation, none of the property in the region eventually annexed by Ordinance Number 6713 was legally subject to annexation. As a result, they contend that without notice that two successive ordinances would be used to complete the annexation, they could not determine the propriety of the annexation proposal so as to effectively fight it. In

effect, appellants are arguing that land which is eventually annexed must be subject to annexation under the provisions of K.S.A. 1980 Supp. 12-520 at the time the resolution and public hearing take place.

The purpose of the annexation resolution is simply to set forth the city's proposed action and to mark the formal beginning of the annexation proceedings. See *Kritzer v. Town of Southern Pines,* 33 N.C. App. 152, 155, 234 S.E.2d 648 (1977). It is only after the city determines that annexation is appropriate and adopts an ordinance or ordinances to finalize the process (K.S.A. 12-523) that an aggrieved landowner may challenge the city's authority to act. K.S.A. 1980 Supp. 12-520. Thus, the critical point by which the city must have authority to carry out the annexation is when the ordinance is passed and published and not when the intention to *consider* annexation is set out in the resolution.

Finally, as mentioned earlier, our review of annexation procedures is to test for substantial compliance, that is, was there compliance consistent with the purpose of the statutes. The purpose of the annexation statutes is to protect the rights of the landowners against unilateral action by a city in annexing their land. *Clarke,* 218 Kan. at 348. In the present case, the ordinances annexed only that land described in the resolution and discussed at the public hearing. No land was annexed which had not been the subject of intense discussion among the members of the city commission and the various affected landowners. An annexation is not effective until published; thus, at the time the land described in Ordinance Number 6713 was annexed, Ordinance Number 6712 had officially and finally altered the boundaries of the City of Hutchinson to bring the remaining property described in the resolution under the City's annexation authority. We conclude that no prejudice accrued to the appellants and that the City substantially complied with the annexation statutes in enacting Ordinances Numbers 6712 and 6713.

Affirmed.