No. 57,465

WILLIAM E. and MARY BANZER, *et al., Plaintiffs-Appellants,* v. THE CITY OF WICHITA, *Defendant-Appellee* and WILLIAM E. FORSHEE, *et al. Plaintiffs-Appellants,* v. THE CITY OF WICHITA, *Defendant-Appellee.*

(703 P.2d 812)

Opinion filed July 26, 1985.

*Jack N. Turner,* of Hall, Turner & Pike, Chartered, of Wichita, and *Royce E. Wallace,* of Wichita, argued the cause and *T. Randall Wright,* of Hall, Turner & Pike, Chartered, of Wichita, was with *Jack N. Turner* on the briefs for appellants.

*Douglas J. Moshier,* of Wichita, argued the cause and *John Dekker,* director of law, City of Wichita, and *H. R. Kuhn,* of Wichita, were with him the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal of a decision in the Sedgwick County District Court in which the court found that the City of Wichita had the statutory authority under K.S.A. 12-520 for annexation of ten tracts of land and that the procedure followed by the City in sequentially annexing the property was in accordance with statutory authority.

In November of 1980, the Board of City Commissioners of Wichita, Kansas, (City Commission) directed the Metropolitan Area Planning Department (Planning Department) to prepare a report identifying properties eligible for annexation around the perimeter of the City and a timetable for completing annexation proceedings. On December 16, 1980, the City Commission con-

sidered the report and directed the Planning Department to initiate the proceedings required for the consideration and possible annexation of 1280 acres of land to the west of the western boundary line of the City of Wichita. This area involved 717 dwelling units housing an estimated 2100 people, and commercial and industrial enterprises as well as a country club and golf course, churches, a cemetery, a sewage treatment facility, a small park and several small lakes.

The feasibility report, the service extension plan prepared by the Planning Department, and the proposed resolution were placed on the regular agenda of the meeting of the City Commission on May 5, 1981. At the meeting, the City Commission approved the service extension plan report as well as the proposed resolution establishing July 7, 1981, at 1:30 p.m. in the City Commission Room as the time and place for a public hearing on the proposed annexation. The Commission did so without hearing any evidence or making any findings that any of the property was eligible for annexation.

In the June 23, 1981, report to the City Commission and at the public hearing held on July 7, 1981, the planning director outlined the ten sequential steps that would be required to effect the annexation of the entire area and included within the report the resolution and the sketch map.

The Planning Department, under the direction of the City Clerk, mailed by certified mail within ten days of the adoption of the resolution the notices, which included a copy of the resolution with the sketch map of the proposed areas to be annexed and the notice of the public hearing. The ownership list identified 609 properties involved in the proposed annexation, and 587 of such owners were identified and mailed notices. Twenty-two of the property owners were not mailed notices because the ownership list compiled by the abstracter indicated the mailing addresses of those owners were unknown.

The plan for the extension of major municipal services into the areas proposed to be annexed was filed in the office of the City Clerk and reference to its availability for study and review during regular office hours was made in the notice mailed to the property owners. The resolution adopted on May 5, 1981, with a sketch map delineating the area was published in the Daily Record on June 29, 1981. A stormy public hearing on the pro-

posed annexation was held on July 7, 1981. Concerned property owners affected by the proposed annexation appeared and protested the city's action.

Following the public hearing, the City Commission proceeded in a weekly sequential manner to adopt the ten successive annexation ordinances annexing the whole of the territory. Each succeeding ordinance was dependent upon the validity of the annexation ordinance immediately preceding it. Prior to the adoption of each annexation ordinance, the City Commission was furnished the applicable sketch map by the Planning Department with a referral memorandum outlining the particular step, its corresponding annexation ordinance and its relationship to the immediately preceding annexation ordinance.

The ten annexation ordinances were adopted and, if valid, became effective upon publication in the following sequence:

| Tract | Ordinance No. | First Reading | Second Reading and Adopted | Published |
|-------|---------------|---------------|----------------------------|-----------|
| 1 | 37-323 | 07-07-81 | 07-14-81 | 07-17-81 |
| 2 | 37-331 | 07-14-81 | 07-21-81 | 07-24-81 |
| 3 | 37-338 | 07-28-81 | 08-04-81 | 08-07-81 |
| 4 | 37-355 | 08-04-81 | 08-11-81 | 08-14-81 |
| 5 | 37-381 | 08-11-81 | 08-18-81 | 08-21-81 |
| 6 | 37-431 | 08-18-81 | 08-25-81 | 08-28-81 |
| 7 | 37-483 | 08-25-81 | 09-01-81 | 09-04-81 |
| 8 | 37-499 | 09-01-81 | 09-08-81 | 09-11-81 |
| 9 | 37-503 | 09-08-81 | 09-15-81 | 09-18-81 |
| 10 | 37-512 | 09-15-81 | 09-22-81 | 09-25-81 |

Ten separate actions were filed, and later consolidated, in district court challenging the authority of and procedure followed by the City in the annexation process. The district court found that the City had the statutory authority to annex the property in the manner in which it carried out the annexation. The landowners appeal, raising several issues, the first of which is determinative of this case.

The landowners question whether, under K.S.A. 12-520, a governmental entity may annex property utilizing multiple sequential annexation ordinances based on a single resolution, a single service extension plan and a single public hearing.

Both parties agree that it is not a proper judicial function for a court to inquire into the reasonableness, wisdom, necessity or advisability of annexing and platting land, *Sabatini v. Jayhawk*

*Construction Co.,* 214 Kan. 408, 520 P.2d 1230 (1974), and that the scope of judicial review is dependent upon the statutes authorizing the appeal.

The function of an appellate court in reviewing an annexation decision is to determine whether the municipality has statutory authority to act and has acted in accordance with that authority. The test of the municipality's action is one of substantial compliance. *City of Lenexa v. City of Olathe,* 233 Kan. 159, 163-64, 660 P.2d 1368 (1983). Substantial compliance requires compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. *Sabatini v. Jayhawk Construction Co.,* 214 Kan. 408, Syl. ¶ 1.

The power of a city to alter its boundaries by annexation is set by the legislature. K.S.A. 1984 Supp. 12-520a requires that prior to any proceedings to annex outlying property, the governing body of the city must adopt a resolution announcing its intention to consider the annexation of certain described property and giving notice of a public hearing to consider the proposed annexation. The owners of the property under consideration must be given individual notice of the public hearing and provided with a sketch of the area included. Prior to the adoption of the resolution, the city must also prepare a comprehensive plan for the extension of services to the property. K.S.A. 12-520b. Once it is determined that the property can and should be annexed, an ordinance declaring the annexation is passed and published. K.S.A. 12-520.

The City annexed the tracts of land in this case pursuant to K.S.A. 12-520, which states in part:

"12-520. **Conditions which permit annexation; ordinance; actions challenging validity.** Except as otherwise hereinafter provided, the governing body of any city may by ordinance annex land to such city if any one or more of the following conditions exist:

(a) The land is platted, and some part of such land adjoins the city. . . .

. . . . .

"The governing body of any city may by one ordinance annex one or more separate tracts or lands each of which conforms to any one or more of the foregoing conditions. The invalidity of the annexation of any tract or land in one ordinance shall not affect the validity of the remaining tracts or lands which are annexed by such ordinance and which conform to any one or more of the foregoing conditions."

K.S.A. 12-519(d) defines the word "adjoins" as used in the annexation statute in the following manner:

"(d) 'Adjoins' means to lie upon or touch (1) the city boundary line . . . ."

In the present case only the land described in ordinance number 37-323 complied with the statutory definition of "adjoining" the City of Wichita prior to July 1, 1981.

The district court determined that the City of Wichita had substantially complied with the preceding statutory requirements to annex the ten tracts of land. Where the trial court has made findings of fact and conclusions of law, the function of this court on appeal is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. *Iola State Bank v. Bolan,* 235 Kan. 175, 187, 679 P.2d 720 (1984).

The landowners contend that there is no statutory authority for the use of multiple ordinances based on a single resolution to sequentially annex property. They argue that it was not until the first annexation ordinance was finally approved on July 14, 1981, that the area described in the second ordinance, 37-331, adjoined the city and became eligible for annexation by the City of Wichita under 12-520. Similarly, they contend the area in the remaining tracts did not become eligible for annexation by the city until the area which the subsequent tracts adjoined was properly annexed.

The City of Wichita claims it acted within its statutory authority and that it substantially complied with the essential prerequisites of the statute reasonably necessary to assure that the objective of the annexation statute was followed. If required to follow the procedure of separate annexation for each tract of land, it would take the City in excess of two years to complete the annexation. In addition, the City of Wichita correctly states that the procedure it followed in sequentially annexing the ten tracts of land had been approved by the Court of Appeals in *Grandon v. City of Hutchinson,* 6 Kan. App. 2d 896, 636 P.2d 205 (1981), *rev. denied* 230 Kan. 817 (1982). The City claims that this court's denial of the petition for review of that decision upheld the concept of serial, sequential or multiple ordinance annexation based on a single resolution.

In *Grandon v. City of Hutchinson,* 6 Kan. App. 2d 896, the Court of Appeals considered a similar situation where two separate tracts were sequentially annexed. The Court of Appeals

found that there was nothing in the annexation statutes authorizing the use of multiple ordinances based on a single resolution but determined that "the practice has been approved by our Supreme Court." 6 Kan. App. 2d at 897-98. The Court of Appeals cited *Clarke v. City of Wichita*, 218 Kan. 334, 543 P.2d 973 (1975), and *City of Lenexa v. City of Olathe*, 228 Kan. 773, 620 P.2d 1153 (1980), *rev'd* 229 Kan. 391, 625 P.2d 423 (1981), as the basis for this conclusion. We agree with the Court of Appeals that the annexation statutes do not specifically authorize the use of multiple ordinances based on a single resolution. We disagree with its determination in *Grandon* that the practice of sequential annexation has been approved by this court.

In *Clarke,* the City Commission had adopted a resolution declaring its interest in annexing three separate tracts that adjoined the city. The city complied with the statutory procedures concerning notice and opportunity to be heard, but the landowners appealed, alleging that the use of two ordinances to annex three separate tracts which adjoined the city violated K.S.A. 1974 Supp. 12-520. This court disagreed and held that the city had substantially complied with the statute by annexing the whole of the territory set forth in its resolution. In *Clarke,* each of the tracts which were annexed by the city adjoined the city prior to commencement of annexation, thereby meeting one of the conditions set out in 12-520 which must be met before annexation can occur. This fact, however, was not true in *Grandon.* There the land annexed pursuant to the second ordinance did not meet the statutory criterion that it adjoin the city until annexation of the tract of land described in the first ordinance became effective. As in the present case, only one of the tracts of land met the statutory criterion at the time the resolution was passed. The other tract did not meet any of the statutory criteria for a city to annex that tract until the preceding ordinance annexing the tract became effective.

In *City of Lenexa v. City of Olathe,* 228 Kan. 773, *(Lenexa I)* the City of Lenexa attacked the annexation of three tracts of land in Johnson County by the City of Olathe. Olathe was attempting to annex three small adjoining tracts of land in Johnson County. Two of the tracts did not adjoin the city. The City of Olathe annexed the three tracts by means of three ordinances enacted and proposed on successive days. The City of Olathe moved to

dismiss the action filed by the City of Lenexa on the ground that the city had no standing to maintain an action since the three tracts of land adjoined Olathe and the owners of the land had consented to annexation by Olathe. The ruling of the district court sustaining the motion was affirmed by this court on appeal.

The only issue raised on appeal in *Lenexa I* was the standing of the City of Lenexa to challenge the action taken by the City of Olathe when Olathe annexed the three tracts of land. The issue of whether sequential or serial annexation substantially complied with K.S.A. 12-520 was not determined by this court.

The opinion in *Lenexa I* was handed down on December 6, 1980. The City of Lenexa filed a motion for rehearing, which was granted. On a motion for rehearing, this court noted it had erroneously assumed that there was no dispute regarding whether the second and third tracts adjoined the City of Olathe. *City of Lenexa v. City of Olathe,* 229 Kan. 391, 625 P.2d 423 (1981) *(Lenexa II).* We concluded that if tracts 2 and 3 did not adjoin the City of Olathe when they were annexed by Olathe then the City of Lenexa had standing to challenge the annexation of those two tracts by Olathe. The case was remanded to the district court for determination of whether or not the City of Olathe had complied with the statutory requirements to annex the land.

On remand, the district court held that despite a misdescription of the tract adjoining the City of Olathe, the city had substantially complied with all statutory requirements and all three tracts had been effectively annexed. The City of Lenexa again appealed the ruling of the district court. We reversed the district court because the publication notice misdescribed the property to be annexed, and the City of Olathe had not substantially complied with the statute requiring notice. *City of Lenexa v. City of Olathe,* 233 Kan. 159, 660 P.2d 1368 (1983) *(Lenexa III).* Since the annexation of the tract adjoining the City of Olathe was invalid, any attempt to sequentially annex the other two tracts, which did not adjoin the city, was likewise ineffective.

Therefore the issue of sequential annexation has never been specifically addressed by this court. In *Lenexa I, II and III* that ultimate issue was never reached because of the manner each case was resolved by this court.

The power of a municipality to alter its boundaries by annex-

ation is completely controlled by statute. See *State, ex rel., v. City of Kansas City,* 186 Kan. 190, 198, 350 P.2d 37 (1960). The general purpose of the annexation statute is to protect the rights of landowners against unilateral action by a city in annexing their land. *Clarke v. City of Wichita,* 218 Kan. at 348. Subject to constitutional and statutory restrictions, a municipality may annex territory without the consent of the persons residing or owning property in the area subject to annexation. When exercising the power to annex, a municipality must act in accordance with statutory authority. The test of a municipality's action is one of substantial compliance.

K.S.A. 12-520 permits a city to annex land to the city if one or more of the conditions set out in the statute exists. The City of Wichita proceeded under 12-520, which allows annexation of land that adjoins some part of the city. Only the tract described in ordinance 37-323 adjoined, i.e., laid upon or touched, the city boundary at the commencement of the annexation procedure. After the public hearing, the city proceeded to annex all ten tracts of land sequentially even though at the time of the hearing only one tract adjoined the city and was qualified for annexation.

We agree with the landowners that the annexation method followed by the City of Wichita did not comply with statutory procedure except for tract 1, which actually adjoined the City of Wichita when it commenced the annexation procedure. The annexation of the tract described in ordinance 37-323, the only tract that adjoined the city, was not effective until the publication of the ordinance, July 17, 1981. It is clear that the language of K.S.A. 12-520 does not provide a method for a municipality to use multiple sequential annexation ordinances for tracts of land that do not adjoin the city when the annexation procedure is commenced. For a municipality to annex land under K.S.A. 12-520(a), such land must actually adjoin the city when the annexation procedure is commenced. As a result, tract 2, which did not adjoin the city when the city commenced to annex that tract of land, was not legally annexed to the city. For the same reason, the annexation of the remaining eight tracts was also ineffective.

It is held that the city properly annexed the one tract of land which adjoined the city and was described in ordinance 37-323. The annexation of the nine subsequent tracts of land was inef-

fective, since those nine tracts of land did not adjoin the city when annexation was commenced as required by K.S.A. 12-520.

Affirmed in part and reversed in part.