Michelle M. Suter DeSoto City Attorney City Center Square 1100 Main, Suite 2001 Kansas City, Missouri 64105
Dear Ms. Suter:
As city attorney for the city of DeSoto you inquire whether a city may annex properties that would adjoin a city boundary line but for a military reservation that adjoins the city. Evidently, property owners whose property adjoins the sunflower ammunition plant are desirous of being annexed by the city except that their properties do not touch the city boundary line. [The ammunition plant is a military reservation and, therefore, cannot be annexed by the city. K.S.A. 12-529.] You inquire whether the city may use K.S.A. 1994 Supp. 12-520(a)(7) to annex the properties at issue here.
K.S.A. 1994 Supp. 12-520(a)(7) states as follows:
 "(a) Except as hereinafter provided, the governing body of any city, by ordinance, may annex land to such city if any one or more of the following conditions exist:
. . . .
 "(7) The land adjoins the city and a written petition for or consent to annexation is filed with the city by the owner." (Emphasis added).
K.S.A. 12-519(d) defines "adjoin" as follows:
 "(d) `Adjoins' means to lie upon or touch (1) the city boundary line; or (2) a highway, railway or watercourse
which lies upon the city boundary line and separates such city and the land sought to be annexed by only the width of such highway, railway or watercourse." (Emphasis added).
You indicate that the properties at issue here do not touch the city boundary line because they are separated from the boundary line by the military reservation. It is your position that the military reservation should be treated as a highway, railway or watercourse so that these properties may be deemed to adjoin the city pursuant to K.S.A. 1994 Supp. 12-520(a)(7).
The power of a municipality to alter its boundaries by annexation is controlled by statute. State, ex rel. Foster v. City of KansasCity, Kansas, 186 Kan. 190 (1960). K.S.A. 1994 Supp. 12-520
permits a city to annex land if one or more of the conditions set out in the statute exists. Banzer v. City of Wichita,237 Kan. 798, 805 (1985). Subsection (a)(7) permits annexation only if land adjoins the city and the property owner consents.
One of the cardinal rules of statutory interpretation is to review the language of the statute itself. National Union Fire InsuranceCompany of Pittsburg, Pennsylvania v. Midland Bancor, Inc.,854 F. Supp. 782 (D.Kan. 1994). When a statute is plain and unambiguous a court must give effect to the legislative intent as expressed rather than determine what the law should or should not be and a court may not supply an omission in a statute. Carlsonv. Carlson, 4 Kan. App. 2d 63 (1979); Richards v. Etzen,231 Kan. 704 (1982). Clearly, a military reservation is not a highway, railway or watercourse and, therefore, it is our opinion that a city may not annex properties adjoining a military reservation under the authority of K.S.A. 1994 Supp. 12-520(a)(7) unless the properties in question "adjoin" the city as that term is defined in K.S.A. 12-519.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm